SERVE

EARLY COUNTY, GEORGIA
FILED IN OFFICE

2013 SEP 20 AM 10 31

EMILY ANNE KILBOURN
CLERK OF SUPERIOR COURT

IN THE SUPERIOR COURT OF EARLY COUNTY

STATE OF GEORGIA

SHAWN TINDOL,

    Plaintiff,

vs.

BIRDSONG CORPORATION., a foreign corporation,

    Defendants.

CIVIL ACTION NO.
2013V-332

## COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff Shawn Tindol (hereinafter "TINDOL") in the above-styled case and for cause of action show this Honorable Court as follows:

### JURISDICTION, VENUE AND SERVICE

1.

This is an action in tort and jurisdiction is proper in this Court.

2.

The Defendant, BIRDSONG CORPORATION (hereinafter, "BC"), is a foreign corporation which is licenced to do business in the State of Georgia and may be served by serving its registered agent for service of process, to wit, Corporation Process Company, 328 Alexander Street, Suite 10, Marietta, Cobb County, Georgia.

EXHIBIT A

3.

Venue is proper in Early County, Georgia since the Defendant maintains an office in Early County, Georgia, transacts business in Early County, Georgia, and a substantial portion of the tort which forms the matter of this lawsuit occurred in Early County, Georgia.

## FACTS

4.

The Plaintiff, at all relevant times, was a truck driver and worked for a company known as Early Trucking Company, Inc. in Arlington, Georgia.

5.

Early Trucking Company, Inc. had a contract or agreement with the Defendant BC to haul peanut product and peanut plant waste product from one or more of the Defendant BC's facilities in the south Georgia area to customers of the Defendant BC.

6.

It turns out that there was a trailer loaded with peanut plant waste, which trailer was loaded by Defendant BC and which was at Defendant BC's Birdsong Peanuts facility in Sylvester, Georgia.

7.

Unbeknownst to the Plaintiff, that loaded trailer, which load was covered with a tarp, had been allowed to sit in very hot and humid, and possible rainy, conditions for a period of about 5 days, and had been allowed to develop a mold spores, mildew, or fungus therein which was in amount and nature to be toxic to humans.

8.

On August 8, 2012, the Plaintiff TINDOL drove bobtail to said Defendant BC's Sylvester, Georgia facility.

9.

Once there, Plaintiff proceeded to hitch said loaded trailer onto his tractor.

10.

The legally allowable maximum weight of tractor and loaded trailer together is 80,000 pounds.

11.

While still at said Defendant BC premises, Plaintiff TINDOL drove the loaded tractor trailer to the scales.

12.

The tractor trailer weighed in at something around 82,000 pounds, which was overweight.

13.

There is a pit on Defendant BC's premises.

14.

The Plaintiff then drove the tractor trailer over to said pit.

15.

And using a conveyor belt which was built into the bottom of the trailer, Plaintiff was able to convey out the offending portion of the load

16.

When done, the Plaintiff re-weighed the tractor and trailer, was within the 80,000 pound limit, and drove off the premises.

17.

The Plaintiff then drove the tractor trailer to a customer of Defendant BC, namely White Oak Pastures. The address is 22775 Highway 27, Bluffton, Clay County, Georgia.

18.

The Plaintiff then unloaded the whole load using the conveyor in the trailer.

19.

After unloading the contents of the trailer, the Plaintiff swept the trailer with a broom which he kept in the truck.

20.

Lots of dust was generated by the sweeping.

21.

The Plaintiff then noticed that the cargo was still stuck to the floors and walls of the inside of the trailer.

22.

The Plaintiff then called his boss at his employer, Early Trucking.

23.

Plaintiff was instructed to return the trailer to Early Trucking facility in Early County and pressure wash the inside of the trailer.

24.

So Plaintiff drove the tractor trailer to Early Trucking's facility in Early County and pressure washed the inside of the trailer.

25.

As a result of the exposures of what turned out to be the toxic contents of said trailer load,

primarily at the farm and at the Early trucking facility, Plaintiff developed serious and permanent personal injury, mainly of a respiratory nature.

26.

The Defendant BC is one of the largest peanut operations in the world, and has or should have expertise and sophistication in matters of storing peanut plant waste and the dangers of heat and closed quarters vis-a-vis said waste becoming toxic to humans exposed thereto.

## LIABILITY- COUNT ONE

27.

The Defendant BC was negligent and reckless in the following known particulars:

(a) In storing peanut plant waste inside a truck trailer in hot and humid conditions and over a period of days, allowing the formation of mold / fungi therein that are toxic to humans;

(b) In having superior knowledge to the Plaintiff of the significant risk of said danger, given that he Defendant BC is one of the largest peanut operations in the world, and in failing to warn the Plaintiff of such risks, so that the Plaintiff could make an informed decision on how to handle said load and minimize his exposure to said dangers;

c) Alternatively, in failing to discard said load, under the circumstances and instead provide the Plaintiff with a load of peanut plant waste that did not contain said risks.

## LIABILITY- COUNT TWO

28.

The Defendant BC was negligent and reckless in the following known particulars:

(a) In the improper hiring, improper training, improper supervision, and improper training of its staff at its Birdson Peanuts Sylvester, Georgia facility, at all relevant times.

## DAMAGES

29.

As the actual and proximate cause of the negligence and recklessness of the Defendant BC, the Plaintiff TINDOL has sustained serious bodily injuries including but not limited to a pulmonary injury. Said injuries have resulted in medical expenses, to date, in an amount in excess of $10,000.00 and in an exact amount to be proven at trial.

30.

As the actual and proximate cause of the negligence and recklessness of the Defendant BC, the Plaintiff TINDOL is disabled and unable to work, and in all likelihood will be unable to engage in gainful employment ever again. The Plaintiff has incurred a loss of earnings, past, present, and future in an amount to be determined at trial.

31.

Due to the negligence and recklessness of the Defendant BC, the Plaintiff TINDOL has incurred general damages as a result of his human losses, past, present, and future from the subject incident and resulting injuries in an amount to be determined by the enlightened conscience

of a fair and impartial jury at trial.

## DEMAND FOR A JURY TRIAL

32.

The Plaintiff hereby demands a jury trial by a jury composed of twelve (12) fair and impartial persons on all issues triable by jury.

WHEREFORE, the Plaintiff prays as follows:

A) That process issue as provided by law requiring the Defendant to file an answer to this cause of action;

B) That judgment be granted in favor of the Plaintiff and against the Defendant for his medical expenses past, present, and future and lost earnings past, present, and future in an amount to be determined at the time of trial;

C) That judgment be granted in favor of the Plaintiff and against the Defendant for general damages due to his human losses, past, present, and future in an amount to be determined at the time of trial;

D) That the Plaintiff be granted such other and further relief as this Court determines is just and proper.

Respectfully submitted this 13st day of September, 2013.

PHILLIPS & NEMAJOVSKY, P.C.

_____
Alexander R. Nemajovsky
Attorney for the Plaintiff
State Bar No. 538228

This document prepared by:

Alexander R. Nemajovsky
PHILLIPS & NEMAJOVSKY, P.C.
P.O. Box 70728
(532 Pine Avenue)
Albany, GA 31708 (31701)
Phone: (229) 439-9100
Fax: (229) 439-0048
E-mail: alex@pnpclaw.com

# IN THE SUPERIOR COURT OF EARLY COUNTY

## STATE OF GEORGIA

SHAWN TINDOL,

    Plaintiff,

vs.

BIRDSONG CORPORATION., a foreign corporation,

    Defendants.

CIVIL ACTION NO. 2013V-332

## SUMMONS

TO THE HEREIN NAMED DEFENDANT:  Birdsong Corporation
c/o Corporation Process Company, registered agent,
328 Alexander Street, Suite 10
Marietta, Cobb County, Georgia

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

    Phillips & Nemajovsky, P.C.
    BY: ALEXANDER R. NEMAJOVSKY
    P.O. Box 70728
    (532 Pine Avenue)
    Albany, Georgia 31708 (31701)

an answer to the complaint for damages which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 20 day of September, 2013.

Clerk Emily Anne Wilbourn

By Lynn Webb Chief Dep Clerk
Superior Court of Early County, Georgia